UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHUMMAD DANISH,<br><br>          Petitioner,<br><br>     v.<br><br>KRISTI NOEM, et al.,<br><br>          Respondents. | No.  2:26-cv-01069-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On March 23, 2026, petitioner Muhammad Danish, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order. (Doc. No. 1.)  Petitioner alleges that he entered the United States on September 19, 2024 seeking asylum, that he has been detained since then, that an immigration judge ordered him removed to Pakistan more than six months ago but granted him withholding of removal under the Convention Against Torture, and that he has not heard anything since then.  (*Id.* at 2.)  Petitioner requests immediate release and an injunction requiring that certain specified procedures be followed prior to his re-detention or removal.  (*Id.* at 6–7.)  Also on March 23, 2026, petitioner filed a motion for appointment of counsel.  (Doc. No. 2.)

1

On March 26, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents concede that petitioner has been detained since on or about September 19, 2024, and that on August 29, 2025, an immigration judge ordered petitioner removed to Pakistan but withheld his removal to Pakistan. (*Id.* at 2.) Respondents argue that petitioner's detention does not qualify as prolonged because the *pro se* petitioner has not cited any United States law that bars his removal to a third country. (*Id.* at 4.) Respondents also state that they are amenable to the court deciding the petition based upon the current briefing before the court and do not request a hearing. (*Id.* at 1.)

Where the petitioner has been ordered removed, and "[a]fter [a] 6–month period [of detention], once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If the government cannot make this showing, the detention is impermissibly prolonged and violates due process. *Id.* at 690.

Here, "[p]etitioner's current detention is no longer presumptively reasonable because he has been detained for more than six months following his final removal order." *Abdirahman v. Noem*, No. 3:26-cv-00177-RBM-AHG, 2026 WL 311509, at *2 (S.D. Cal. Feb. 5, 2026). Further, because the petitioner was granted withholding of removal, third country removal is exceedingly rare, and for the past 7 months, ICE has not been able to remove him to a third country, the court finds that petitioner has met his initial burden under *Zadvydas* to show good reason to believe that there is no significant likelihood of his removal. *Id.* ("Petitioner has also met his initial burden under *Zadvyvas* to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; he was granted withholding of removal to Somalia, established that 'third country removal is exceedingly rare, and [noted that] ICE has not been able to remove [him] to a third country for over 7 months.'").

Respondents have provided no evidence to rebut this showing. Instead, they offer a deportation officer's declaration, which states only that they have "beg[u]n the procedure for obtaining approval for third country removal, which is still in process." (Doc. No. 6-1 at 2.)

Respondents have not identified a possible third country for petitioner's removal and do not even venture to make "generalizations regarding the likelihood that removal will occur[.]" *Abdirahman*, 2026 WL 311509, at *2 (cleaned up) (citation omitted).  Under these circumstances, respondents have failed to meet their burden.  *Id.* ("Because Respondents have not yet identified a possible third country for Petitioner's removal and offered little more than generalizations regarding the likelihood that removal will occur, the Court finds that they have not met their burden to respond with evidence sufficient to rebut' Petitioner's showing.") (cleaned up) (citation omitted).  Therefore, the court finds that petitioner's detention is impermissibly prolonged in violation of petitioner's due process rights, and that the appropriate relief in these circumstances is release from detention.  *Id.*

While respondents have failed to meet their burden of establishing that there is a significant likelihood of removal in the reasonably foreseeable future, the court nevertheless finds that under these circumstances, where respondent represents that the procedure for obtaining approval for third country removal remains in process, petitioner faces a credible threat of third-country removal.  *Id.*  "Respondents must therefore provide Petitioner with adequate notice and an opportunity to be heard before removing him to a third country."  *Id.*

Accordingly, pursuant to the reasoning in *Zadvydas* and *Abdirahman*, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) is GRANTED in part;

   a. Petitioner's petition for writ of habeas corpus is GRANTED as follows:

      i. Respondent is ORDERED to immediately release petitioner from respondents' custody subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3), 8 C.F.R. § 241.13(h);

      ii. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

          iii.   Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are PROHIBITED from removing Petitioner to a third country without notice and a meaningful opportunity to be heard, following the process laid out in *D.V.D. v. United States Dep't of Homeland Sec.*, No. 25-cv-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025);

      b.  Petitioner's motion for a temporary restraining order is DENIED as having been rendered moot in light of this order granting his petition for habeas relief

2.     Petitioner's motion for appointment of counsel (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief; and

3.     The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

                    DALE A. DROZD
                    UNITED STATES DISTRICT JUDGE